IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRANDON GOBER, #1942989 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv263 |
| SGT. BROWN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Brandon Gober, a prisoner currently confined at the Hodge Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights.[1] The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Complaint**

Gober filed this complaint (Dkt. #1) on June 4, 2022, pursuant to the prison mailbox rule. He asserts that Sgt. Brown and Sgt. Robert M. Gutierez violated his Eighth and Fourteenth Amendment rights. He specifically states that in August 2015, in the Hodge Unit Dayroom, that he was given a direct order to sit down; however, he could not because of pre-existing back pain. Sgt. Gutierez and Sgt. Brown both "got in [his] face," and called him names. When he did not respond, they both "slammed" him on his back, put handcuffs on him, and then urinated on him. He alleges that they failed to follow proper procedure. He further asserts that they lied about the use of force by claiming that he had assaulted them first. Gober seeks $8,000, plus $200 per month

---

[1] Gober did not submit an application to proceed *in forma pauperis* nor did he pay the $402 filing fee with his complaint.

for the next 36 months, in compensatory damages, and requests that assault charges be pressed against the officers.

**II. Discussion and Analysis**

Plaintiff Brandon Gober is no stranger to the Eastern District of Texas. Court records show that Gober has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for the failure to state a claim upon which relief can be granted—prior to filing this June 4, 2022 lawsuit. *See Gober v. Harold*, civil action no. 6:17cv452 (E.D. Tex. Dec. 2017) (dismissal, with prejudice, under 28 U.S.C. § 1915(A)(b)(1)); *Gober v. Thomason*, civil action no. 6:17cv017 (E.D. Tex. Mar. 2017) (dismissal, with prejudice, under 28 U.S.C. § 1915(A)(b)(1)); *Gober v. Collier*, et al., civil action no. 6:20cv259 (E.D. Tex. May 2021) (dismissal, with prejudice, for the failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)).

Since the dismissal of those cases, Gober has had three cases dismissed pursuant to the "three strikes" provision of 28 U.S.C § 1915(g); *Gober v. Wrisht, et al.*, civil action no. 6:21cv251 (E.D. Tex. Aug. 4, 2021) (no appeal); *Gober v. Collier*, civil action no. 6:21cv423 (E.D. Tex. Dec. 8, 2021) (no appeal);and *Gober v. Kennedy, et al.*, civil action no. 6:22cv070 (E.D. Tex. May 1, 2022) (no appeal).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Gober has accumulated three strikes prior to filing this June 2022 lawsuit and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis*

statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

To meet the imminent danger requirement of section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

Crucially, the burden is on Gober to show that he is in imminent danger of serious physical injury **at the time** of the filing of his complaint through facts rather than conclusory allegations. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (emphasis supplied). Here, Gober asserts that excessive and unnecessary force was used on him in 2015. A use of force that occurred seven years ago does not demonstrate that he is in imminent danger of serious bodily injury. Gober has not shown that he is in imminent danger of serious injury for which time is pressing.

Because Plaintiff Gober has accumulated at least three-strikes prior to the filing of this lawsuit and has not demonstrated that he faces an imminent threat of serious physical injury, his lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(g). Gober, however, should be allowed a reasonable period of time in which to pay the full filing fee of $402.00 and proceed with his

lawsuit should he chose to do so. He should note, however, that the payment of the filing fee would not affect an analysis for frivolity under 28 U.S.C. § 1915A.

## RECOMMENDATION

For the reasons explained above, the Court recommends that Plaintiff Gober's lawsuit be dismissed, with prejudice, for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Court further recommends that if Plaintiff pays the full filing fee within fifteen (15) days of the date of the dismissal order, the lawsuit will proceed as though the full filing fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 21st day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE